**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

JOESPH EL-AMIN,
aka Terry Moore,

                Plaintiff,

vs.                                     Case No. 3:13-cv-898-J-32TEM

MICHAELSON GROUP REAL ESTATE,
LLC, et al.,

                Defendants.
_____

## <u>ORDER</u>

      This case came before the Court on Plaintiff's Motion for Temporary Restraining

Order and/or Preliminary Injunction (Doc. 5) with supporting papers (Doc. 6). Plaintiff, who

is proceeding *pro se* (and whose claims the Court therefore views liberally), claims he is

being evicted from his apartment by defendants in retaliation for filing this federal lawsuit,

which he filed on July 24, 2013. Plaintiff's application for leave to proceed *in forma pauperis*

(Doc. 2) was denied (Doc. 4) so defendants have not been served with his complaint

(making it difficult to find their actions could be in retaliation for it, although plaintiff did attach

to his complaint a letter he apparently sent to defendants advising them of the suit). The

basis for denying plaintiff's *in forma pauperis* application was that it did not appear that this

federal court had jurisdiction over plaintiff's claims. Plaintiff did not file an amended

complaint by the September 16, 2013 deadline and this case was about to be dismissed

when plaintiff filed his newest papers. Since the filing of the motion for temporary restraining

order, plaintiff filed an amended complaint (Doc. 7). The amended complaint includes the

claims raised in the original complaint (without curing the defects noted by the Magistrate Judge regarding plaintiff's §§ 1981 and 1983 claims) and adds an allegation that defendants fired and evicted plaintiff in violation of his right to be free from race discrimination. Plaintiff's amended complaint also lists the Americans with Disabilities Act as a basis of jurisdiction but offers no elaboration as to its application here.

To secure the extraordinary relief of a temporary restraining order without notice or a preliminary injunction, plaintiff must demonstrate that he has a substantial likelihood of success on the merits as to at least one of his claims, that he will be irreparably harmed if the injunction does not issue, that the threatened injury to him outweighs any harm that might befall the defendants during the brief duration of the restraining order, and that the entry of the restraining order is not adverse to the public interest. See Ga. Latino Alliance for Human Rights v. Gov. of Ga., 691 F.3d 1250, 1262 (11th Cir. 2012) (citation omitted). Plaintiff cannot show a substantial likelihood of success on the merits and his motion is therefore **denied**. However, the Court notes that the eviction paperwork plaintiff received included instructions as to how plaintiff might proceed if he disagreed with the decision to evict him. If he has not yet availed himself of those avenues, he may wish to do so.

The Court has reviewed plaintiff's amended complaint and finds plaintiff has still not presented any claims over which the Court could exercise jurisdiction. As explained by the Magistrate Judge in his August 16, 2013 Order (Doc. 4), defendants are not state actors and plaintiff's §§ 1981 and 1983 claims are therefore not viable. Additionally, simply listing the Americans with Disabilities Act as a basis for jurisdiction without more is not enough to create a federal cause of action. Finally, although plaintiff makes a single reference to being

2

fired in violation of his right to be free of race discrimination, the amended complaint has no other allegations regarding his employment or termination or his race. While plaintiff makes some vague statements related to his employment in his motion for temporary restraining order (stating that he was both hired and fired from his position as groundskeeper after filing this lawsuit), even those are insufficient to state a federal cause of action. Filing a lawsuit to complain about crime at an apartment complex is not protected activity that might be covered by a federal employment statute such as Title VII. See, e.g., Kidd v. Mando American Corp., ___ F.3d ___, 2013 WL 5382138, *11 (11th Cir. Sept. 27, 2013) (explaining that a prima facie case of retaliation under Title VII first requires a plaintiff to show that [he] engaged in an activity protected by Title VII).

While plaintiff may have claims against defendants that he could pursue in state court, the Court does not find there to be a basis to exercise federal jurisdiction. Plaintiff's case is therefore **dismissed without prejudice**. The Clerk shall close the file.

**DONE AND ORDERED** at Jacksonville, Florida this 8th day of October, 2013.

_____
TIMOTHY J. CORRIGAN
United States District Judge

s.
Copies
_pro se_ plaintiff

3